

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 08-37245 |
| PATRICK EZELL BROOKS, III, | § | Chapter 13 |
| Debtor(s). | § | Judge Isgur |

### MEMORANDUM OPINION OVERRULING
### TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTION CLAIM

For the reasons set forth below, the Court overrules the chapter 13 Trustee's objection to Mr. Patrick Ezell Brooks, III's exemption claim of a Bank of America checking account valued at $21,700.00.

**1.  Procedural and Factual Background**

Mr. Brooks filed for chapter 13 relief on November 10, 2008.  The Trustee objected to Mr. Brooks' plan confirmation based on two exemption claims (docket no. 42).  Subsequently, Mr. Brooks amended Schedule C (docket no. 46) such that only one exemption claim remains disputed.  The disputed exemption claim is for a Bank of America checking account valued at $21,700.00 pursuant to Texas Insurance Code § 1108.051.  TEX. INS. CODE ANN. § 1108.051 (Vernon 2009).  The Court heard oral arguments and took testimony on the disputed exemption claim on March 24, 2009.

Prior to his bankruptcy petition, Mr. Brooks received two checks from National Insurance at the end of October, 2008 for home repairs covered by his home insurance policy.  One of the checks was for $21,700.00.  He deposited the check in the Bank of America checking account that he now claims as exempt and which he opened for the sole purpose of the deposit.  No other funds were deposited into the same checking account.  Mr. Brooks used the $21,700.00 insurance proceeds to fix the roof, the home interior, and sheet work, and to replace cabinets and floors.  The proceeds were not used for any other purpose.

When Mr. Brooks filed bankruptcy, Mr. Brooks had already spent some, but not all of the proceeds. By the March 24 hearing, all of the proceeds were spent and Mr. Brooks was continuing to pay for remaining repairs out of pocket.

## 2. Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper in this District pursuant to 28 U.S.C. § 1408.

## 3. Statutory Analysis

Section 1108.051, titled "Exemptions for Certain Insurance and Annuity Benefits," provides in pertinent parts:

> (a) Except as provided by Section 1108.053, this section applies to any benefits, including the cash value and proceeds of an insurance policy, *to be provided* to an insured or beneficiary under:
>     (1) an insurance policy or annuity contract issued by a life, health, or accident insurance company . . .
>         . . . .
> (b) Notwithstanding any other provision of this code, insurance or annuity benefits described in Subsection (a):
>         . . . .
>     (2) are fully exempt from:
>         (A) garnishment, attachment, execution, or other seizure;
>         (B) seizure, appropriation, or application by any legal or equitable process or by operation of law to pay a debt or other liability of an insured or of a beneficiary, either before or after the benefits are provided; and
>         (C) a demand in a bankruptcy proceeding of the insured or beneficiary.

TEX. INS. CODE ANN. § 1108.051 (Vernon 2009) (emphasis supplied).

The parties' positions revolve around whether "to be provided" in § 1108.051(a) restricts the exemptions available under § 1108.051(b)(2). The Trustee objects to Mr. Brooks' exemption claim on the basis that the $21,700.00 had been paid and were cash in the bank at the time of Mr. Brooks' bankruptcy petition. The Trustee alleges that since the funds were already received by

2 / 7

Mr. Brooks before he filed bankruptcy, they were not funds "to be provided" under § 1108.051(a).

Whether an insurance benefit is "to be provided" as of the petition date is a question of Texas statutory construction. The Court "applies a statutory analysis that a Texas court would." *Milligan v. Trautman* (*In re Trautman*), 340 B.R. 773, 777 (W.D. Tex. 2006) (citing *LaSalle Bank Nat'l Assoc. v. Sleutel*, 289 F.3d 387, 839 (5th Cir. 2002)). "'In Texas the cardinal rule of statutory construction is to ascertain the legislature's intent, and to give effect to that intent. The duty of the court is to construe a statute as written and ascertain the legislature's intent from the language of the act.'" *Id.* at 778 (quoting *LaSalle*, 289 F.3d at 839)).

Section 1108.051(b)(2)(B) provides that benefits under Subsection (a) are fully exempt from "seizure, appropriation, or application by any legal or equitable process or by operation of law to pay a debt or other liability of an insured or a beneficiary, *either before or after the benefits are provided*; . . . ." TEX. INS. CODE ANN. § 1108.051(b)(2)(B) (Vernon 2009) (emphasis supplied). Based on this language, the 5th Circuit has upheld the statutory construction that: "[I]t does not matter *when* the legal or equitable *taking process* occurs, it can be either before or after the benefits described in [S]ubsection (a) are provided." *Milligan v. Trautman* (*In re Trautmen*), 340 B.R. 773, 780 (W.D. Tex. 2006), *aff'd*, 2007 U.S. App. LEXIS 18839 (5th Circ. Aug. 8, 2007). As a result, "to be provided" in § 1108.051(a) does not modify § 1108.051(b)(2)(B).

Section 1108.051(b)(2)(A) provides that benefits under Subsection (a) are fully exempt from "garnishment, attachment, execution or other seizure . . . . " TEX. INS. CODE ANN. § 1108.051(b)(2)(A) (Vernon 2009). Section 1108.051(b)(2)(C) provides that benefits under

Subsection (a) are fully exempt from "a demand in a bankruptcy proceeding of the insured or beneficiary." TEX. INS. CODE ANN. § 1108.051(b)(2)(C) (Vernon 2009).

The Court finds that Subsections (A), (B) and (C) of § 11081.051(b)(2) overlap. A "garnishment, attachment, execution, or other seizure" under Subsection (A) is surely encompassed in a "seizure" under Subsection (B). A demand in a bankruptcy proceeding under Subsection (C) is similarly encompassed in the "legal or equitable process" described in Subsection (B). However, neither Subsection (A) nor Subsection (C) includes the timing language contained in Subsection (B). Based on the overlapping scope of and the dissimilarity in the timing language in these subsections, the Court finds ambiguity in the statute.

Generally, "if intent cannot be determined from the text of the statute . . . the Court [will] look to other sources, which . . . in this case would be the Texas Code Construction Act." *Milligan*, 340 B.R. at 778. The Texas Code Construction Act provides:

> In construing a statute . . . a court may consider among other matters the:
> (1) object sought to be attained;
> (2) circumstances under which the statute was enacted;
> (3) *legislative history*;
> (4) common law or *former statutory provisions,* including laws on the same or similar objects;
> (5) *consequences of a particular construction*;
> (6) administrative construction of the statute; and
> (7) title (caption), preamble, and emergency provision.

TEX. GOV'T CODE ANN. § 311.023 (Vernon 2009) (emphasis supplied).

Highly relevant to the Court's consideration of other sources in determining statutory intent is *In re Young*. *In re Young*, 166 B.R. 854 (Bankr. E.D. Tex. 1994). *Young* is a case that is on point not only to the legislative history, former statutory provisions, and the consequences of a particular construction of § 1108.051(b)(2), but also to the facts of this case.

In *Young*, the chapter 7 debtors claimed an exemption for almost $2 million in insurance proceeds that were on deposit in two insurance access accounts pursuant to § 1108.051's predecessor statute, article 21.22 of the Insurance Code.[1]  *Young*, 166 B.R. at 855.  The debtors' creditors as well as the chapter 7 trustee objected to the exemption on the basis that the insurance proceeds were already paid as of the bankruptcy petition date.  *Id.* at 857.  The objectors argued the same narrow interpretation as the Trustee does here, which is that the exemption is limited to insurance benefits "to be provided"[2] as of the bankruptcy petition date.  *Id.*

After a review of the legislative history and prior versions of the exemption law, including those adopted in 1927, 1951, 1987, and 1991, the *Young* Court held that "the language of the [exemption] has always indicated that the exemption continues to exist regardless of the occurrence [of the timing] of payment."  *Id.* at 858.

Moreover, the effects of the exemption "are to be read conjunctively[,] not distinctively."  *Id.* at 859.  "It would not be reasonable to conclude that the Legislature of Texas intended that its

---

[1] The *Young* Opinion is based on the 1993 version of the exemption.  *In re Young*, 166 B.R. 854, 855 n.2 (Bankr. E.D. Tex. 1994).  Today's Section 1108.051 is the subsequent version of the same law.  TEX. INS. CODE ANN. § 1108.051 (Vernon 2009) (effective June 1, 2003).

[2] In *Young*, the specific question was whether the exemption is limited to insurance benefits "to be paid or rendered" as of the bankruptcy petition date.  To give some context, Article 21.22 of the Insurance Code stated in pertinent parts:

> Section 1. [A]ll money or benefits of any kind, including policy proceeds and cash values, *to be paid or rendered* to the insured or any beneficiary under any policy of insurance or annuity contract issued by a life, health or accident insurance company . . . , shall:
> . . . .
> (2) be fully exempt from execution, attachment, garnishment or other process;
> (3) be fully exempt from being seized, taken or appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of the insured or of any beneficiary, either before or after said money or benefits is or are to be paid or rendered; and
> (4) be fully exempt from all demands in any bankruptcy proceeding of the insured or beneficiary.

TEX. INS. CODE ANN. art 21.22 § 1 (Vernon Supp. 1994) (current version at Section 1108.051).  Although Article 21.22 differs from today's § 1108.051 in language, i.e. instead of § 1108.051's "to be provided" language, Article 21.22 read "to be paid or rendered," the Court finds no relevant differences between constructing the two statutes in terms of whether insurance benefits must be "provided" or "paid or rendered" prospectively as of the bankruptcy petition date to be exempt from a demand in bankruptcy.  As a result, the *Young* Opinion is fully applicable to interpreting § 1108.051(a) and Subsections (A) and (C) of § 1108.051(b)(2).

citizens be penalized in claiming exemptions on the basis of a bankruptcy filing" or a garnishment as opposed to a taking by a legal or equitable process based on the absence of the triggering language in § 1108.051(b)(2)(B). *Id.* "[T]he intent of the Texas Legislature in drafting [§ 1108.051(b)(2)] was only to further clarify the breadth of the . . . exemption." *Id.*

Being mindful of the legislative history, prior versions, and consequences of a different interpretation of § 1108.051, the Court concludes that § 1108.051(a)'s "to be provided" language does not limit the breadth of § 1108.051(b)(2).

The Court's conclusion also comports with "the rehabilitative goal of Texas's exemption laws." *Soza v. Hill* (*In re Soza*), 542 F.3d 1060, 1063 (5th Cir. 2008). It upholds the general principle that Texas "'exemption laws should be liberally construed in favor of express exemptions, and should never be restricted in their meaning and effect so as to minimize their operation upon the beneficent objects of the statutes.'" *Hickman v. Hickman*, 149 Tex. 439, 234 S.W.2d 410, 413 (1950) (citation omitted). Furthermore, it conforms to the policy underlying the exemption, which is that "'[i]nsurance exemptions are designed to protect a debtor's family, in the enjoyment of property needed for their support.'" *Young*, 166 B.R at 859 (quoting 31 AM. JUR. 2D *Exemptions* § 180 (1989)). "'The theory on which the exemption rests is that the creditor can claim no equity in a fund that has been in no way used as a basis of credit.'" *Id.*

**4. Conclusion**

Because the exemption applies to a demand in bankruptcy even when the benefits have been paid as of the bankruptcy petition date, the Court overrules the Trustee's objection to Mr. Brook's exemption claim.  The Court will issue a separate order.

SIGNED **April 24, 2009.**

                                                Marvin Isgur
                          UNITED STATES BANKRUPTCY JUDGE